UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

MARY F.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 6:22-cv-01526-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

        Plaintiff Mary F. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 3. For the reasons below, the Commissioner's final decision is REVERSED and this case is REMANDED for additional administrative proceedings.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in April 2020, alleging an amended disability onset date of July 1, 2019. Tr. 308.[2] Her application was denied initially and upon reconsideration. Tr. 71–104. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in August 2021. Tr. 40. On September 23, 2021, the ALJ issued a decision finding Plaintiff not disabled under the Act. Tr. 21–33. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 46 years old on her alleged onset date. Tr. 71. Plaintiff has at least a high school education and has past relevant work experience as a customer service representative or adjustment clerk, temp agency referral clerk, and a medical clerk. Tr. 31. Plaintiff alleged disability based on several physical and mental impairments, including bipolar disorder, chronic migraines, and chronic back pain. Tr. 71.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's]

---

[2] "Tr." citations are to the Administrative Record. ECF No. 13.

conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of no less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that

the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 23. At step two, the ALJ found that Plaintiff had the following severe impairments: "obesity; lumbar/cervical spasm/strain; migraines/headaches; and depressive/bipolar disorder." *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 24. The ALJ found that Plaintiff had an RFC to perform light work with the following limitations:

> [Plaintiff could] occasionally climb ramps and stairs but never
> ladders, ropes, or scaffolds . . . can occasionally stoop kneel,

> crouch and crawl. Additionally, [Plaintiff would] have to alternate between sitting and standing while remaining on task.

Tr. 25–26. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 31. At step five, the ALJ found, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 31–32. The ALJ thus found Plaintiff was not disabled under the Act. Tr. 32–33.

## DISCUSSION

Plaintiff asserts remand is warranted for three reasons: (1) the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony; (2) the ALJ erred in rejecting the opinion of Dr. Nimal Bastola, M.D.; and (3) the ALJ failed to account for her migraines and moderate limitation in persistence in her RFC. Pl.'s Br. 1, ECF No. 14. The Court addresses each argument in turn.

### I.     Subjective Symptom Testimony

Plaintiff argues that the ALJ improperly rejected her subjective symptom testimony regarding her migraines. Pl.'s Br. 7 –12. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude

that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding on the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

At the administrative hearing, Plaintiff testified that her migraines caused heightened sensitivities to light and noise. Tr. 55. Plaintiff said she has on average two to three migraines per week, and they last anywhere from a day to four days or more. Tr. 58. During the hearing, Plaintiff stated that she was "currently sitting in a dark living room right now because I am on day four of a migraine." *Id.* Plaintiff also stated that her migraine medications result in her being non-functional for extended periods of time. Tr. 55–56.

The ALJ determined that Plaintiff's migraines were a severe impairment and acknowledged her testimony but did not discuss the specific frequency and length of her

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

Page 6 — OPINION AND ORDER

migraines nor her sensitivities to light and noise. Tr. 26. The ALJ simply determined that the medical records did not support Plaintiff's allegations of severe daily headaches. Tr. 28. The ALJ cited a medical record from April 2020 where Plaintiff told her primary care physician that Topamax, Verapamil, and Maxalt were helping, and that she wasn't experiencing side effects from these medications. Tr. 27 (citing Tr. 378). The ALJ then cited a medical record from November 2020 where Plaintiff reported that her headaches were "stable at this time." Tr. 28 (citing Tr. 667). The ALJ also explained that Plaintiff had two neurology appointments, but in July 2020 Plaintiff expressed that she had no interest in returning to neurology. Tr. 28 (citing Tr. 351). The ALJ concluded that because there were "few medication changes during the period under consideration" and Plaintiff "stayed on Verapamil and Topamax with no reported side effects" the "overall impression is that [Plaintiff's] headaches were stable on prescribed medication." *Id.*

The ALJ mischaracterized the medical record by concluding that Plaintiff's headaches were stable on prescribed medication and that she had only a few medication changes during the period under consideration. Throughout 2020, Plaintiff reported multiple times that her headaches were not improving. Tr. 352, 355, 357, 381, 739. In June 2020, she reported that Maxalt, Sumatriptan, Topamax, and verapamil all were not helpful. Tr. 352, 355. It is evident that Plaintiff has seen many physicians and tried multiple medications and persists to experience chronic migraine headaches. Tr. 352, 355, 357, 381, 739. Isolated instances of stability are not substantial evidence that discredits Plaintiff's longstanding history of her migraine symptoms not improving.

## II.     Medical Opinion Evidence

As noted, Plaintiff challenges the ALJ's assessment of the medical opinion evidence. Pl.'s Br. 12–15. For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017).

Under the revised regulations, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion[], the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

In crafting their disability determination decisions, the Ninth Circuit has instructed ALJs "to use these two terms of art—'consistent' and 'supported'—with precision." *Woods v. Kijakazi*, 32 F.4th 785, 793 n.4 (9th Cir. 2022)., even under the new regulations "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing

an explanation supported by substantial evidence." *Id.* at 792.[4] With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

The sole medical opinion at issue is that of Plaintiff's primary care physician Dr. Bastola, who Plaintiff argues the ALJ improperly evaluated. Pl.'s Br. 12–15. Dr. Bastola submitted two statements on behalf of Plaintiff's claims including a migraine questionnaire completed in June 2020, and a physical medical source statement completed in August 2021. Tr. 342–43, 741–47. In the questionnaire, Dr. Bastola indicated that Plaintiff has daily migraines lasting two to six hours, and that her migraines would cause her to miss work more than one day per week. Tr. 342. Dr. Bastola also stated that Plaintiff's migraines responded poorly to medication treatment. *Id.* In the physical medical source statement, Dr. Bastola indicated that Plaintiff could sit, stand, and walk for less than two hours each in an eight-hour workday. Tr. 743. Dr. Bastola opined that Plaintiff would need to take unscheduled breaks and be off-task at least twenty-five percent of the time in a typical workday. Tr. 743, 745.

Here, the ALJ found Dr. Bastola's opinion "unpersuasive" because the opinion was "not consistent with the clinical findings in Dr. Bastola's own treatment notes" and Plaintiff's "limited treatment history" specifically, her decision to not pursue further neurology treatment or pain management interventions. Tr. 30. In support of the ALJ's conclusion, the Commissioner

---

[4] The new regulations also remove ALJs obligation to make specific findings regarding relationship factors, which include: the relationship with claimant; length of treating relationship; frequency of examinations; purpose of the treatment relationship; the existence of a treatment relationship; examining relationship; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(c)(3)–(5), 416.920c(c)(3)–(5); *Woods*, 32 F.4th at 792. However, a discussion of relationship factors may be appropriate where "two or more medical opinions . . . about the same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly the same." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "In that case, the ALJ 'will articulate how [the agency] considered the other most persuasive factors.'" *Woods*, 32 F.4th at 792 (citation omitted).

Page 9 — OPINION AND ORDER

cites Dr. Bastola's treatment notes where Plaintiff presented as alert and fully oriented with normal attention, concentration, vision, and neurological functions. Def.'s Br. 7, ECF No. 15 (citing Tr. 27–28, 352–57, 377–78, 411–13, 428–29, 431–32). Plaintiff asserts that the ALJ failed to properly evaluate the persuasiveness of the opinion based on its supportability and consistency. Pl.'s Br. 14–15. The Court agrees.

The treatment notes that the ALJ cites do not indicate an actual inconsistency. Plaintiff being able to present with normal attention, concentration, and vision at a doctor's appointment, is not inconsistent with Dr. Bastola's opinions that her impairments greatly affect her ability to pursue employment.

Turning to Plaintiff's treatment record, it is unclear as to why Plaintiff did not pursue further neurology or pain management treatment. A claimant's treatment record is a relevant consideration ALJs should consider in evaluating subjective complaints. *See* 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3). Indeed, "[u]nexplained, or inadequately explained, failure to seek treatment," absent a good reason, can suffice as a clear and convincing rationale to discount testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, ALJs are also required to consider "any explanations that the individual may provide, or other information in the case record, that may explain" the failure to follow a treatment plan. *Orn*, 495 F.3d at 638 (quotation omitted); *see also* SSR 16-3p at *9 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). It is also unclear whether pursuing further neurology and pain management treatment would be useful for Plaintiff given that she has already tried multiple medications and seen many doctors regarding her migraines. Tr. 352. However, for the ALJ to simply assume that

"this suggests that her migraines were more stable and less frequent than alleged" is unwarranted and not supported by substantial evidence. Tr. 28.

As such, the ALJ's evaluation of Dr. Bastola's opinion was not supported by substantial evidence. *See Woods*, 2022 WL 1195334, at *6 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

### III.    RFC

The RFC is the most a person can do in light of her physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence." *Id.*; SSR 96-8p, *available at* 1996 WL 374184. An ALJ may rely on the testimony of a vocational expert ("VE") to determine whether a claimant retains the ability to perform past relevant work at step four, or other work in the national or regional economy at step five. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). The ALJ is required to include only those limitations that are supported by substantial evidence in the hypothetical posed to a VE. *See id.* at 1163–65. In other words, limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock*, 240 F.3d at 1163–65.

An ALJ has the responsibility to determine a claimant's RFC. 20 C.F.R. § 416.946(c). The RFC is used at step four of the sequential analysis to determine if a claimant is able to perform past relevant work, and at step five to determine if a claimant can adjust to other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a).

Limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the vocational expert ("VE"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001). The Court should uphold step four and five determinations "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff assigns error to the RFC analysis. Specifically, Plaintiff asserts that the ALJ "failed to capture the full extent of workplace barriers due to migraines as demonstrated by the ALJ's errant evaluation of [Plaintiff's] testimony and the medical opinion evidence" when conducting the RFC analysis. Pl.'s Br. 7. As discussed above, the court agrees.

Additionally, Plaintiff contends that the ALJ determined Plaintiff has moderate difficulties in concentrating, persisting, and maintaining pace, but ultimately failed to include these limitations in her RFC Pl.'s Br. 8–9. The ALJ reasoned that although there is little documentation of impaired concentration or pace, given the "chronicity and frequency of [Plaintiff's] pain, it is reasonable to expect that it interferes with focus and follow through." Tr. 25. The court finds that the ALJ did not err in this regard.

Here, the ALJ limited Plaintiff to "simple, routine tasks" in the RFC formulation, and did not explicitly include Plaintiff's moderate impairments in concentration, persistence, or pace in her RFC. Tr. 25–26. These findings, however, accord with the Ninth Circuit's holding in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), where the Court found that an ALJ's decision to translate evidence of moderate limitation in pace and mental functioning into a concrete restriction to simple tasks was consistent with medical evidence showing the claimant was not significantly limited in her ability to maintain attention and concentration for extended periods. *Id.* at 1174. Similarly, the ALJ in this case determined that Plaintiff had moderate

mental impairments and accordingly limited Plaintiff to work that involves only simple, routine tasks. Tr. 25–26

An ALJ may rely on the testimony of a VE at step five. 20 C.F.R. §§ 404.1566, 416.966. However, an ALJ may rely on a VE's testimony only where such testimony is based on a hypothetical that "contain[s] all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217. Where an ALJ's hypothetical is based on a residual functional capacity assessment that does not include some of the claimant's limitations, the VE's testimony "has no evidentiary value." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

Here, the ALJ's RFC failed to account for Plaintiff's restrictions caused by migraines, including her sensitivities to noise and light. The ALJ was therefore required to include these limitations in the hypothetical posed to the VE or provide legally sufficient reasons for disregarding the limitations contained in the opinion. Given the ALJ's failure to do so, the VE's opinion in this case lacks evidentiary value. *Carmickle*, 533 F.3d at 1166; *see also Ghanim*, 763 F.3d 1154, 1166 (9th Cir. 2014) (explaining that an ALJ's RFC determination was flawed where the ALJ improperly discounted medical evidence and therefore the reliance on the corresponding VE opinion was error). Accordingly, the ALJ's RFC formulation must therefore be reversed and this case be remanded.

### III.   Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179

(9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). (internal quotations omitted).

Here, the Court concludes that remand for additional proceedings is the appropriate remedy. The Court concludes the ALJ committed legal error by improperly rejecting Plaintiff's subjective symptom testimony and Dr. Bastola's medical opinion, and therefore omitting Plaintiff's limitations in the RFC formulation. The Court finds, however, that remanding for further proceedings is the appropriate remedy as the record is ambiguous as to whether the ALJ would be required to find Plaintiff disabled on remand. Specifically, a review of the hearing transcript reveals the VE was never posed with a hypothetical that included the limitations from Dr. Bastola's opinion. Therefore, the Court is unable to conclude the ALJ would be required to find the claimant disabled upon remand.

Accordingly, the Court remands this case on an open record to: (1) accept or provide legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony (2) accept or provide legally sufficient reasons for rejecting Dr. Bastola's medical opinion; (3) accept or provide a new RFC formulation; and (4) conduct any further necessary proceedings.

## CONCLUSION

For these reasons, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 26th day of October 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge